UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTECIA BEHROOZI          :
                          :
v.                        :      C.A. No. 21-00237-WES
                          :
CHIEF JUDGE JEREMIAH,     :
et. al.                   :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 3) pursuant to 28 U.S.C. § 1915. On June 3, 2021, Plaintiff filed her pro se Complaint in this Court. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $402.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF No. 3) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's suit sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a

defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This is Plaintiff's third lawsuit in this Court arising from her dissatisfaction with her divorce which was litigated in Rhode Island Family Court. In C.A. No. 15-536-WES, she attempted to sue her ex-husband, then later amended the Complaint to bring claims against the "Judges for Rhode Island Family Court." On May 9, 2017, that case was dismissed for failure to state a claim upon which relief could be granted. See ECF No. 24 in 15-536-WES. Then, in C.A. No. 18-400-JJM, Plaintiff again sought to sue the Rhode Island Family Court and several of its judges, this time under the Fourteenth Amendment. Like the previous attempt to pursue such claims in this Court, her 2018 action was dismissed for failure to state a claim, as frivolous and malicious and because it sought monetary damages from defendants who are immune from suit. See Text Order, dated August 27, 2018 and ECF No. 4 in C.A. No. 18-400-JJM.

In the present matter, Plaintiff alleges that jurisdiction is predicated upon the Securities and Exchange Act of 1934, however, a reading of the allegations and relief sought demonstrates that she is once again seeking to have this Court review and relitigate the decisions made by the Rhode Island Family Court relating to her divorce. For example, in the section of her Complaint entitled "Injuries," Plaintiff states that "[t]he Rhode Island Family Court deprived [her] of her property

interest and liberty interest….” ECF No. 1 at p. 5.  She argues that the "Rhode Island Family Court has a 'categorical duty' to pay just compensation as a result of the court decision of January 3, 2006 which denied Plaintiff of the benefit of the arbitration agreement resulting from the August 2, 2005 judgment."  ECF No. 1-1 at p. 1.  In the "Relief" section of her Complaint, she requests that this Court "order the Rhode Island Family Court to pay full compensation amounts past due and future by seizure from the U.S. Federal court" and seeks "[i]njunctive relief against the officers from all past orders and judgements [sic]…."  Id. at p. 11 -12.

After reviewing the Complaint, I recommend that the present case be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  In making this recommendation, I have taken all of the allegations in Plaintiff's Motion as true and have drawn all reasonable inferences in her favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Motion, dismissal is required.

As previously noted, the Court has determined that all of Plaintiff's claims in this matter stem from her divorce proceedings.  As such, these claims are barred in this Court under the domestic relations exception to federal diversity jurisdiction.  Behroozi v. Behroozi, C.A. No. 15-536 S, 2017 WL 933059 at *1 (D.R.I. Mar. 8, 2017).  The domestic relations exception divests this Court of subject matter jurisdiction.  Moreover, as this Court explained in its Report and Recommendation issued in connection with her previous case, "judicial officers and courts, acting in a judicial capacity, are protected from suit by absolute immunity."  C.A. No. 18-400-JJM, ECF No. 4 at p. 2-3.  Accordingly, for all of these reasons, I recommend that Plaintiff's latest attempt to involve this Court in the reconsideration of her divorce proceedings be dismissed as legally unsupported and frivolous.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed IFP (ECF No. 3) is GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), I further recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 28, 2021